HELLMAN, Respondent, v. ARPIN et al., Appellants.

No. 6736; July 2, 1880.

Notice—Occupant of Mortgaged Land—Diligence of Mortgagee. The mortgagee of land occupied exclusively by a person other than the mortgagor must, in order to disprove notice of a claim, show that he sought with the utmost diligence to be informed of the rights of such person to the land, but vainly.

Notice—Occupant of Mortgaged Land—Quality of Possession. To put the mortgagee on the inquiry, the possession of a person other than the mortgagor must be open, visible, exclusive and unambiguous.

Notice—Occupant of Mortgaged Land.—After a Positive Finding to the effect that the plaintiff took and recorded his mortgage without notice of the occupant's claim, it will not be inquired into on appeal whether the evidence did not tend most strongly to favor the occupant.

APPEAL from Seventeenth Judicial District, Los Angeles County.

A. H. Judson for respondent; Bicknell & White and J. S. Chapman for appellants.

McKINSTRY, J.—It may be admitted that one who takes a mortgage of land in the sole and exclusive occupation of another than the mortgagor can disprove notice of that other's claim only by showing that he made every proper inquiry in respect to the rights of the possessor, and failed to obtain information. That such be the effect of a possession, however, it must appear that the possession is open, visible, exclusive and unambiguous: 3 Washburn on Real Property, 284. Open and notorious possession is sufficient to put a purchaser on inquiry: Lestrade v. Barth, 19 Cal. 660, 676; Fair v. Stevenot, 29 Cal. 490. The sixth finding of the court below is as follows:

"That the defendant Arpin had resided on the land in controversy several years prior to his deed to Levy, and has continued to reside thereon ever since, having a house on said land, and having cultivated the same every year, but not having the same inclosed; that he is an unmarried man, living alone, and frequently goes to the city of Los Angeles;

and it did not appear whether he was actually on the land at the time the mortgage was executed, or whether he was temporarily absent therefrom.''

We are not authorized to say that a finding of these facts necessarily determines the defendant's open and notorious possession, or conclusively determines that plaintiff was put upon inquiry, as against the positive finding (No. 7) that plaintiff, when he took and recorded his mortgage, had no notice of the claim of defendant Arpin.

Judgment and order affirmed.

We concur: McKee, J.; Morrison, C. J.